**UNITED STATES of America,**
**Appellee,**

v.

**Bernadette Elaine YOUNKER,**
**Defendant–Appellant.**

**No. 05–6980–cr.**

United States Court of Appeals,
Second Circuit.

Sept. 15, 2006.

Steven M. Stansinger, Federal Defenders of New York, Inc., New York, NY, for Defendant–Appellant.

Harry Sandick, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, on the brief, Christine Y. Wong, Helen V. Cantwell), for Appellee, of counsel.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. ROGER J. MINER, Hon. DENNIS JACOBS, Circuit Judges.

**58**

Younker claims she was sentenced according to an unreasonable procedure. We assume familiarity with the facts, the procedural history, and the issues on appeal.

Our review for procedural reasonableness considers whether the district court properly (a) identified the appropriate Guidelines range, (b) treated the Guidelines as advisory, and (c) considered the Guidelines together with the other factors outlined in 18 U.S.C. § 3553(a). *United States v. Crosby*, 397 F.3d 103, 114–15 (2d Cir.2005).

Younker contends that the district court unreasonably treated the guidelines as binding, citing the district court's observation that it was doing "the best [it] could do" in sentencing Younker according to a Guideline sentence. However, other comments confirm that the district court properly understood the Guidelines to be advisory. The district court noted that sentencing "princip[le]s are somewhat unlimited by law" and refused to characterize the Guidelines as even "presumptive." The district court's statements are best interpreted as reflecting its conclusion that, in the absence of any mitigating factor, a Guideline sentence was appropriate. The district court thereby complied with our mandate in *Crosby:* it "considered" the Guidelines and the other § 3553(a) factors in crafting a reasonable sentence.

For the foregoing reasons, the judgment of the district court is affirmed.